Dear Commissioner Terrell:
We are responding herein to your request for an Attorney General's opinion regarding reimbursement of election expenses to Clerks of Court. You have presented several questions with regard to reimbursement of costs for salaried employees, which we will address separately herein.
You recognize that the Louisiana Election Code [R.S.18:1400.3(E)(3)(a)(iii)] provides that a clerk of court may be reimbursed for labor costs incurred due to work performed by his/her employees during an election and outside of the regular business hours that the Clerk of Court's office operates. Your letter further states, "The Louisiana Election Code does not specifically provide how to distinguish between salaried and hourly employees or at what rate either of these classes of employees may be compensated for election related duties. Traditionally, salaried, exempt employees, as defined by the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., receive a set amount of pay regardless of the number of hours worked during the week. The exemption which is referred to in the FLSA relates to the employer's exemption from the necessity to pay overtime compensation. Salaried, exempt employees do not receive additional compensation for hours worked in excess of forty hours in one work week. 29 U.S.C. § 207." In light of these provisions, you seek an opinion on the following questions:
Question No. 1: Is a Clerk of Court entitled to reimbursement for hours worked outside of the clerk's regular business hours by one of his salaried, exempt employees?
Our constitution provides for the election of a clerk of the district court in each parish with certain powers and duties, and additional powers and duties as provided by law. LSA-Const. Art. V, 28 (1974). The legislature is responsible for establishing uniform statewide officehours for clerk of the district courts. Id. (Emphasis added).
"The Clerk of court is the chief election officer of the parish Deputy Clerks and other employees of a clerk of court are subject to his direction and supervision, and shall perform the duties assigned to them by law, the court, and the clerk." R.S. 18:422.
LSA-R.S. 13:756 provides:
 § 756. Office hours
 Each of the clerks of the district courts and ex officio recorders shall keep their offices open from 8:30 A.M. to 4:30 P.M. every day except Saturdays, Sundays, legal holidays, and in cases of public emergency. Notwithstanding any law to the contrary, in the event the clerk's office is closed because of a public emergency, the time for filing any pleading shall be extended until the end of the first day of the reopening of said office. Provided however, said clerks and ex officio recorders may open their offices at an earlier time or close their offices at a later time. (Emphasis added).
Election expenses incurred by a clerk of court were reviewed in Attorney General Opinion Number 2000-194, wherein we opined in general that the administration of elections and the costs of elections is a shared function among the state and parishes. We further stated:
 We are unaware of any rules and regulations under the Administrative Procedures Act with regard to this issue. We are in receipt of a copy of the internal policy manual of the office of the Commissioner of Elections, which has been used in the past by everyone [Commissioner Clerk] to make reimbursements for election expenses. The policy addresses employee overtime expenses on election day, in part, as follows:
 The Clerk of Court's office shall be reimbursed for employee's overtime expenses. The employee can only claim time worked before or after regular office hours or on election day. If an employee goes on leave, the employee may be reimbursed for overtime expenses during regular hours.
 This internal policy seems to allow a clerk's employee to be reimbursed for overtime expenses during regular hours if the employee goes on leave. However, it is an internal policy of the office of the Commissioner, which the Commissioner may grant or deny, and it is in conflict with the law. R.S. 18:1400.3(E)(3)(a)(iii) clearly states that "[r]eimbursement shall be authorized only for work not performed during regular office hours of the clerk of court."
Additionally, we found that the law [R.S. 18:1400.3] mandates that the Commissioner of Elections establish rules and regulations governing reimbursement. An internal policy manual is not sufficient as the Department of Elections Registration is subject to rulemaking under the Administrative Procedures Act ["APA", R.S. 49:950 et seq.]. Therefore, it is our opinion that any rulemaking by the Department on this issue is to be done in accordance with the APA as soon as possible.
That having been said, it is our opinion that the Election Code provides general guidelines for making reimbursements to the clerks of court under R.S. 18:1400.3, which are required to be followed. In general, R.S. 18:1400.3 mandates reimbursement to the clerks of court and registrars of voters when it provides in paragraphs (A) and (B), "election expenses incurred by clerks of court shall be paid by the state " Specifically, R.S. 18:1400.3(E) provides:
 E. For the purposes of this Section, `election expenses incurred by clerks of court' is defined and limited to the following:
 (1) Actual expenses incurred by a clerk of court to publish notices required by law in the official journal of the parish and, to insure maximum coverage, in any other journal of the parish or political subdivision thereof. Information contained in such notices shall be limited to that required by law. The commissioner of elections shall prescribe the size of such notices which shall be uniform throughout the state.
 (2) Itemized expenses incurred by a clerk of court to conduct the general courses of instruction for commissioners as provided in R.S. 18:431(A) and the course of instruction for commissioners-in-charge as provided in R.S. 18:431(A).
 (3) (a) Documented expenses incurred by a clerk of court to perform or fulfill election duties imposed by law. For the purpose of this Paragraph, such expenses shall include the following:
 (i) Expenses for postage and office supplies used in connection with an election or used to fulfill an election duty imposed by law.
 (ii) Expenses for rental space and instructional paraphernalia to conduct schools of instruction for commissioners and commissioners-in-charge.
 (iii) Expenses for personnel used in connection with an election or used to fulfill an election duty imposed by law. Such expenses shall be itemized and reimbursement shall be authorized only for work not performed during regular office hours of the clerk of court.
 (iv) Incidental expenses incurred in conducting the general courses of instruction for commissioners and the course of instruction for commissioners-in-charge. Reimbursement for such expenses shall be limited to one hundred dollars per general commissioner school and one hundred dollars for the commissioner-in-charge school. Maximum reimbursement to a clerk of court for conducting such schools shall be limited to three hundred dollars per calendar year and all reimbursements shall be deposited in the general fund of the clerk of court.
 (4) Expenses of an extraordinary nature incurred by a clerk of court for an election which have received prior approval of the commissioner of elections. (Emphasis added).
In general, election expenses are to be paid by the state for gubernatorial and congressional elections and for special elections from funds appropriated to the commissioner of elections for that purpose. All other elections are to be paid by the appropriate governing authority. When local candidates or issues appear on the ballot, the state is required to pay one-half the costs and the remaining one-half is pro-rated between the state and local or municipal entities who participate in an election. The commissioner may initially pay such costs, with the appropriate governing authority reimbursing the commissioner. [R.S. 18:1400.3].
In response to your first question, it is our opinion that the State is mandated to reimburse the Clerk for specific expenses incurred by the clerks of court in performing election duties, under R.S. 18:14003. More specifically, the State has obligated itself to pay for the "expenses forpersonnel used in connection with an election or used to fulfill an election duty imposed by law only for work not performed during regular office hours of the clerk of court." R.S. 18:1400.3(E)(3)(a)(iii) (emphasis added). In Knecht v. Board of Trustees for State Colleges andUniversities and Northwestern State University, 591 So.2d 690 (La. 1991), our Supreme Court recognized that salaried employees had a valid and enforceable contract with the University board to receive remuneration for overtime worked where the board's agents had put in place a set of procedures whereby employees earned, accrued and took paid leave commensurate with the number of approved hours of overtime worked, and employees had worked overtime.
Thus, it is important to factually determine what, if any, policy the clerk has with his/her employees in order to fully answer this question. If the clerk has a policy to pay his salaried, exempt employees for overtime work, then he can submit a bill to the State for any overtime actually worked on election matters outside of the normal working hours for these employees. If, however, he has a policy of not compensating his salaried, exempt employees for overtime work, then he would have no personnel expenses to seek reimbursement for in this instance.
Question No. 2: If the answer to question 1 is yes, at what rate should the Clerk of Court be reimbursed for the employee's work?
LSA-R.S. 13:783(A) provides, "The clerk shall employ all necessary deputies and assistants, fix and pay their salaries, and defray all expenses out of the clerk's salary fund." Since the law provides full discretion to the Clerk to fix the rate of pay of his/her employees, it is our opinion that the Clerk shall be reimbursed for the actual rate of pay the Clerk pays the employee for that overtime work, if any, under the Clerk's policy for salaried, exempt employees. For non-exempt employees, the Clerk is bound by the FLSA and is entitled to reimbursement for the actual rate of pay for that employee's overtime work, which can be at time and one-half or straight time, depending on the circumstances.
Question No. 3: May the Clerk of Court designate a separate rate of pay for employees conducting election related duties that differs from the employee's regular rate of pay or salary?
As quoted above, R.S. 13:783(A) gives full discretion to the Clerk to fix the rate of pay of his/her employees. However, it is our opinion that once the Clerk has offered a job to an employee at a certain rate of pay, he cannot then set a different rate of pay for the employee for conducting election related duties.
Your letter further states, "The Louisiana Elections Code also does not specify whether the Department of Elections or the Clerk of Court is responsible for additional costs related to overtime compensation. The vast majority of elections in Louisiana occur on Saturday. Assuming that the respective Clerk of Court has established a traditional work week, beginning on Sunday or Monday and running until the corresponding Saturday or Sunday, any work performed on Saturday for an election will likely cause the clerk's employee to work in excess of forty hours in one work week. When an election occurs on Tuesday, the employee likely has not worked more than forty hours in the pertinent work week; however, any work performed for the election and outside of the traditional office hours of the Clerk of Court when viewed in conjunction with the employee's regular work schedule will likely result in overtime for an employee during the election week." In light of these assertions, you seek an opinion on the following questions, which will be answered in reference to a salaried, exempt employee and non-exempt employee:
Question No. 4: If an election is held on Saturday and some or all of the hours worked by the clerk's employee are overtime hours (meaning that the employee works more than 40 hours in one work week), which entity is responsible for the overtime compensation, the Clerk of Court or the Department of Elections and Registration?
The law clearly sets forth uniform office hours of the Clerks of Court in this state, which do not include Saturday or Sunday. R.S. 13:756. We are of the opinion that all Saturday work for an election would be overtime work for a Clerk of Court's office, subject to reimbursement by the State, provided the non-exempt employee actually worked a forty hour week in addition to working on Saturday. For salaried, exempt employees, the Clerk would only be entitled to reimbursement for these personnel expenses if the Clerk has a policy to pay the employees for overtime work. In other words, if the Clerk normally pays overtime to his salaried, exempt employees when they work overtime on Clerk duties, then he can request reimbursement for these employees when they work overtime on election duties as a personnel expense under R.S.18:1400.3(E)(3)(a)(iii).
Question No. 5: If an election is held on Tuesday and the employee has not yet worked forty hours in a work week, but in conjunction with the employee's regular schedule, the election related duties performed by the employee outside of the regular office hours of the clerk would result in overtime work, which entity is responsible for the overtime compensation, the Clerk of Court or the Department of Elections and Registration?
Again, it is our opinion that the law clearly mandates that the State is responsible for reimbursement of all personnel expenses incurred by the Clerk's office for an election for all hours outside of the normal office hours of the Clerk. Thus, if the non-exempt employee completes a 40 hour workweek during which the employee worked after normal office hours on election matters on that Tuesday, then the employee is entitled to overtime pay and the state would be responsible for that payment, regardless of the fact that at the time of the Tuesday overtime work the employee had not yet completed a 40 hour workweek. The whole week must be taken into consideration for payment to the employee and to determine whether overtime should be paid at straight time or time and one-half. With regard to a salaried, exempt employee, again this answer is conditioned on the fact of whether it is the policy of the Clerk to pay overtime to these employees.
Question No. 6: How would the answers to questions 4 and 5 change if the Clerk of Court does not pay overtime compensation but grants compensatory time to its employees in lieu of overtime compensation?
In Atty.Gen.Op. No. 90-619, we stated:
 The general rule of 29 U.S.C.A. 207(a)(1) [Federal Fair Labor Standards Act] provides that no employer shall employ any of his employees for a work week longer than forty hours unless such employee receives compensation at a rate not less than one and one-half times the regular rate of pay.
 Public employees may be compensated for overtime work by compensatory time. 29 U.S.C.A. 207(O). They must receive compensatory time, however, at a rate of one and a half-hours off work with pay for every one-hour overtime worked. 29 U.S.C.A. 207(O)(1).
 If an employee is required to work overtime and allowed to accrue rather than exercise compensatory time, the employee must be paid for all accrued compensatory time at the termination of employment. 29 U.S.C.A. 207(4).
 You are not required by the FLSA to give compensatory time in lieu of overtime payment. You may pay for overtime work, but only at the rate of one and a half times the regular hourly rate, or you may choose to give compensatory time off, but only at the rate of one and a half hours off for every overtime hour worked. (Emphasis added).
We have also clarified that some employees may be entitled to only straight time pay for overtime worked, when the employee has not worked an actual forty hour work week. In other words, when an employee's workweek does not consist of forty actual work hours due to either a holiday, annual leave or sick leave, any overtime work by the employee should be paid only at straight time. See, Atty.Gen.Op. No. 97-338A.
In response to your question, it is our opinion that non-exempt employees are to be paid by the state for overtime work on election duties, as the statue provides for reimbursement for personnel expenses for election duties outside of the regular hours of the Clerk.
With regard to exempt, salaried employees, if it is the Clerk's policy to grant compensatory leave to these employees, then they are to be paid by the state for the overtime hours that they are normally granted compensatory leave for by the Clerk, when they work overtime for election matters.
Additionally, it is the State's obligation to reimburse for the other enumerated expenses of R.S. 18:1400.3, such as publishing of notices, expenses incurred to conduct the commissioners' schools, postage and office supplies used for an election, rental space and instructional paraphernalia to conduct commissioners' schools, and limited incidental expenses for general courses of instruction for commissioners. These items defined as "election expenses incurred by clerks of court" in R.S.18:1400.3(E) are required to be reimbursed upon the presentation by the Clerks of an itemized statement. The only discretionary items of reimbursement are those not listed therein and for which the Commissioner must give prior approval to the Clerk to incur the expense.
We re-emphasize that, "The commissioner of elections shall establish rules and regulations governing reimbursement for expenses set forth herein and may establish rules and regulations to add other categories of reimbursable expenses." R.S. 18:1400.3(E)(3)(b) (emphasis added). Additionally, "Expenses of an extraordinary nature incurred by a clerk of court for an election which have received prior approval of the commissioner of elections" is also a reimbursable expense. R.S.18:1400.3(E)(4) (emphasis added).
We hope this opinion addresses all of your concerns, but if we can be of further assistance herein, please do not hesitate to contact our office.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 ___________________________ ANGIE ROGERS LAPLACE Assistant Attorney General
RPI/ARL;mjb
Enclosures
Cc: Charles Jagneaux, President of the Louisiana Clerks of Court Assoc.
OPINION NUMBER 00-194
November 3, 2000
26 ELECTIONS — Election Officers
Reimbursement of election expenses for Clerk of Court employees performing duties during regular office hours.
Honorable Edwin A. Lombard Clerk, Criminal District Court 
Ex-Officio Custodian of Voting Machines, Orleans Parish 2700 Tulane Avenue, Room #115 New Orleans, Louisiana 70119
Dear Mr. Lombard:
We are in receipt of your request for an Attorney General's opinion regarding the payment of the clerk's employees in Orleans Parish for election matters. Your letter states as follows:
 Effective with the March 14, 2000 Presidential Preference Primary Special Elections, the Commissioner of Elections, Mrs. Suzanne Haik Terrell has informed me that my staff will no longer be compensated for election functions that must be performed during office hours. These include, but are not limited to, the qualification of candidates (350), inspection and transcription of voting machines (in excess of 800), processing precinct absentee ballots and supplemental poll listings (ranging in number from 20 to 380 per election) and, on March 14th (Super Tuesday), resolving and answering election calls and problems. These duties require that staff members abandon their normal office obligations and dedicate themselves to handling election problems and fulfilling election responsibilities.
 As the Clerk of Criminal District Court for Orleans Parish, it is my legal obligation to conduct elections for the State of Louisiana. However, my office is totally funded by the City of New Orleans. Every other clerk in the State has access to their own salary fund, generated by a multitude of fees, that my office does not have. Employees, as well as vendors, are paid by City of New Orleans checks or purchase orders, with this office having absolutely no direct access to funds. While other Clerks of Court may partially or fully compensate employees for election work from their salary funds, my office is not able to do the same.
 The City of New Orleans has, in the past, authorized my personnel to take leave time from the City payroll in order to perform election duties, as the administration of elections is a State mandated function which the City is neither funded for or obligated to pay.
 The question is, is LA RS 18:1400.3, which prohibits the Commissioner of Elections from paying Clerk's office employees, in essence, an unfunded mandate? Secondly, can my employees be paid by the Commissioner of Elections, in light of that fact?
With regard to your first question on an unfunded mandate, the Louisiana Constitution prohibits an increase in the financial burden of a political subdivision in Art. VI, Sec. 16, and provides exceptions thereto. One such exception is if the law was enacted and effective prior to the adoption of this constitutional amendment in 1991. The relevant provision of the Election Code, R.S. 18:1400.3, was added by Louisiana Acts 1983, No. 681. Therefore, it falls within the exemption of LSA-Const. Art. VI, Sec. 14(B)(3), as it is a law enacted and effective prior to 1991.
We are of the opinion that the general duties of a clerk of court's office includes conducting elections for both statewide and local candidates and issues, as per the Constitution and the Louisiana Election Code. The Constitution provides for the clerk to have duties and powers provided by law, and the Election Code provides for the clerk to be the chief election officer of the parish. [Const. Art. V, 28 (1974), R.S.18:422]. In Orleans Parish, the Criminal District Court Clerk is the chief election officer, as defined in R.S. 18:2. Thus, we do not agree with your assertion that "[t]he administration of elections is a state mandated function". The administration of elections, in our opinion, is a shared function among the state and parishes. As the City of New Orleans is coterminous with the Parish of Orleans, hence, the City/Parish government of New Orleans shares election functions with the state.
With regard to your second question, R.S. 18:1400.3 of the Election Code, as enacted in 1983, provided:
 A. Election expenses incurred by clerks of court and registrars of voters for gubernatorial and congressional elections, shall be paid by the state from funds appropriated to the commissioner of elections for that purpose.
 B. Election expenses incurred by clerks of court and registrars of voters for any special election when any of the following candidates appear on the ballot shall be paid by the state from funds appropriated to the commissioner of elections for that purpose: . . .
 (1) Election expenses incurred by clerks of court and registrars of voters for any election not provided for in Subsections A and B of this Section shall be paid by the appropriate governing authority that relates to the character of office or issue involved in such election.
 * * *
 E. For the purposes of this Section, `election expenses incurred by clerks of court' is defined and limited to the following:
 * * *
 (3)(a) Documented expenses incurred by a clerk of court to perform or fulfill election duties imposed by law. For the purpose of this Paragraph, such expenses shall include the following:
 (i) Expenses for postage
 (ii) Expenses for rental space
 (iii) Expenses for personnel used in connection with an election or used to fulfill an election duty imposed by law.
 (b) The commissioner of elections shall establish rules and regulations governing reimbursement for expenses set forth herein and may establish rules and regulations to add other categories of reimbursable expenses. All reimbursements shall be deposited in the general fund of the clerk.
 (4) Expenses of an extraordinary nature incurred by a clerk of court for an election which have received prior approval of the commissioner of elections. (Emphasis added).
This law was amended by Louisiana Acts 1986, No. 783, to prorate the election expenses incurred by clerks of courts and registrars of voters between the state and all local and municipal entities participating in the election. Thus, not only are election functions shared between the state and parishes, but costs of elections are shared as well. R.S.18:1400.3 was next amended by Louisiana Acts 1986, No. 669, as follows:
 F. For the purposes of this Section, `election expenses incurred by clerks of court' is defined and limited to the following:
 * * *
 (3)(a) Documented expenses incurred by a clerk of court to perform or fulfill election duties imposed by law. For the purpose of this Paragraph, such expenses shall include the following:
 * * *
 (iv) Expenses for personnel used in connection with an election or used to fulfill an election duty imposed by law. Such expenses shall be itemized and reimbursement shall be authorized only for work not performed during regular office hours of the clerk of court.
 * * *
(Emphasis added).
The law, as written in 1983 and as it currently reads today, mandates that the Commissioner of Elections establish rules and regulations governing reimbursement. We are unaware of any rules and regulations under the Administrative Procedures Act with regard to this issue. We are in receipt of a copy of the internal policy manual of the office of the Commissioner of Elections, which has been used in the past by everyone [Commissioner Clerk] to make reimbursements for election expenses. The policy addresses employee overtime expenses on election day, in part, as follows:
 The Clerk of Court's office shall be reimbursed for employee's overtime expenses. The employee can only claim time worked before or after regular office hours or on election day. If an employee goes on leave, the employee may be reimbursed for overtime expenses during regular hours.
This internal policy seems to allow a clerk's employee to be reimbursed for overtime expenses during regular hours if the employee goes on leave. However, it is an internal policy of the office of the Commissioner, which the Commissioner may grant or deny, and it is in conflict with the law. R.S. 18:1400.3(E)(3)(a)(iii) clearly states that "[r]eimbursement shall be authorized only for work not performed duringregular office hours of the clerk of court." While it may be possible for the Commissioner's office to establish a rule defining regular office hours as not including an employee on leave, same could only be done in accordance with the Administrative Procedure Act, which is subject to legislative oversight and endorsement. Such a definition, in our opinion, would seem contrary to the black letter law.
We understand the different situation of your office as compared to the other clerks of court in this state; however, the law does not exempt your office, nor distinguish your office from the other clerks of court in this state for our opinion to differ herein.
In a March 28, 2000 letter to the Commissioner from you, it is stated that "[e]mployees of the clerk of Criminal Court who perform election duties during normal working hours are required to use accumulated annual leave when performing election duties. . . . This use of annual leave has been the policy of this office for the past years." Your letter further states, "I hasten to point out to you that because of the sheer volume of work and the time required to conduct an election in Orleans Parish, it is impossible to perform all election duties after normal working hours. Thus, my employees must either use annual leave or leave without pay in order to conduct elections." Your request letter for an opinion indicates that the City of New Orleans authorizes your employees to take leave time from the city payroll in order to perform election duties. Thus, we question whether your employee who is on annual leave [as required by the City] is in fact not working during "regular office hours". Nevertheless, the fact remains that if your employee is on annual leave, he is still being paid by the city and in the past, being paid by the Commissioner. Therefore, in essence, the employee was being paid double [by two public entities] for the same work, work which in our opinion is part of the duties of the clerk's office [and not a separate duty of the state].
Again, we emphasize that it is the Commissioner's duty and responsibility to establish rules and regulations in this area. In doing so, the Commissioner may, among other things, define "regular office hours" and perhaps create some uniformity in reimbursement of these election expenses. Otherwise, we can only interpret the black letter of the law, which in this case prohibits reimbursement of election expenses conducted during "regular office hours" of the clerk [for which your office is not exempt]. The only alternative that we believe is appropriate to resolve this matter is for the City of New Orleans to re-instate the leave time that was taken by the employees, since reimbursement for work during regular office hours is clearly prohibited by law.
If we can be of further assistance herein, please advise.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 _________________________________ ANGIE ROGERS LAPLACE Assistant Attorney General
RPI/ARL;cwr Cc: Hon. Suzanne Haik Terrell
OPINION NUMBER 97-338A
June 25, 1998
58 Labor 84 Parishes
Time and a half overtime will only apply after forty actual hours of work when the work week includes a holiday.
Mr. M. L. Caston, President De Soto Parish Police Jury P.O. Box 898 Mansfield, LA 71052
Dear Mr. Caston:
A question has arisen as to the accuracy of Attorney General Op. No. 97-338 that was issued to you and we are writing to clarify the opinion. You had inquired about the necessity of paying overtime for public employees in a forty hour work week in which there is a legal holiday, stating that numerous times emergencies have required that employees be called out at night or on a holiday, and it is the policy to pay straight time, but some are of the opinion it should be overtime.
This office stated that the Federal Fair Labor Standards Act is applicable to political subdivisions of the State and that "no employer shall employ any of his employees for a work week longer than forty hours unless such employee received compensation at a rate not less than one and one-half times the regular rate of pay." It was further stated that a holiday was a day from work with pay. It was then concluded that work time over the regular forty hour work week which included the eight hours of a holiday or emergency work would be overtime pay of time and a half.
This latter statement must be corrected to reflect that the time and a half overtime will only apply after forty actual hours of work when the work week includes a holiday. Although an employee will be paid for the holiday, time and a half will only apply after having worked 40 hours not including the day's pay for the holiday. In Joseph G. Morretti, Inc. v. Boogers, 376 F.2d 27(5th Cir. 1967) the court stated:
 We especially point out that overtime for holidays, Saturdays, and Sundays are due only for that time in any particular week in which the employee actually worked more than forty hours. Moreover, mealtimes cannot be included as hours worked and neither can portal to portal travel be included as hours worked.
Therefore, to clarify the response to your inquiry, overtime of time and a half must be paid to public employees called on to work on holidays or nights when work at these times is in addition to having actually worked forty hours that same week.
We hope this clarifies when overtime of time and a half must be paid for public employees who work during any emergency on a holiday or at night, and regret if the earlier opinion has caused any problem.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR
c.c. W. Brian Babin
OPINION NUMBER 90-619
January 15, 1991
58 LABOR29 U.S.C.A. 201 et seq.
Public employees must be paid time and a half for overtime, or credit with compensatory time at time and a half; all compensatory must be compensated in cash at termination of employment.
Ms. Jana Klock Town Clerk Town of Cheneyville P.O. Box 322 Cheneyville, LA 71325